Mr. Henry C. Insua, Permit Engineer State Permits Branch, Water Division Arkansas Department of Environmental Quality 8001 National Drive P.O. Box 8913 Little Rock, AR 72219-8913
Dear Mr. Insua:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq. (Repl. 2002). You have submitted your request pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General.
The supporting information you have provided reflects that the parent of a student conducting a study on "the difference in salaries for those holding licenses in different fields" has requested the following information regarding each engineer employed by the Arkansas Department of Environmental Quality ("ADEQ"): (1) the employee's initials; (2) his or her current salary; and (3) the number of years ADEQ has employed the engineer. ADEQ's legal counsel has reportedly advised you that the requested information is subject to disclosure under the FOIA. However, as a subject of the request, you have offered the following objection:
 I do firmly object [to] the disclosure of the employee's name, or name initials, as I consider it an unwarranted invasion of personal privacy. Furthermore, the "project" seems to be some sort of a statistical salary study among professionals. What is the relevancy of furnishing names or name initials to the student?
I must note at the outset that I have not been provided copies of the records that contain the requested information and hence cannot opine on the disclosability of specific information contained therein. However, I can and will set forth the general guidelines to be followed in determining what to disclose. I can and will also address the categories of information specifically referenced in the requests.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A). Given that the subjects of the requests are all public employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I noted in the attached Ark. Op. Att'y Gen. No. 99-305, which also dealt with the disclosability of salary information:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord Ark. Op. Att'y Gen. No. 2001-122. In Ark. Ops. Att'y Gen. Nos.2001-022 and 99-305, this office analyzed requests for salary information, including records documenting changes in salary, using the standard for disclosure of personnel records, not "employee evaluation or job performance records."
At issue, then, is whether disclosing documents that record an identified individual's salary would amount to a "clearly unwarranted invasion of personal privacy." The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2002-090, 2001-112, 2001-022, 94-198, 94-178 and 93-055; Watkins, supra at 126. In Opinion No. 99-305, I offered the following analysis of this issue:
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
* * *
 . . . [C]ourts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
 Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice, 308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 In my opinion the public's interest in the salaries and qualifications of its employees is substantial. It will therefore usually outweigh any privacy interest. The records requested, in my opinion, do not appear to contain the type of "intimate" information which could overcome the public's interest under A.C.A. § 25-19-105(b)(10) [now A.C.A. § 25-19-105(b)(12)]. The salaries of public employees are a matter of public record and are not exempted by A.C.A. § 25-19-105(b)(10). See
Ops. Att'y Gen. 97-079 and 96-205 (fn.1). To the extent the District has records reflecting this information, it should be provided.
I continue to subscribe to this analysis in all respects and consequently believe that the ADEQ's counsel's advice to disclose the requested salary records is consistent with the FOIA.
I gather from your request that part of your objection to producing the employees' initials is that this information would not appear to bear on the project that the requester's child is conducting. In my opinion, this objection should not bar disclosure of the information. As noted above, the public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests. I believe this conclusion applies regardless of the use to which the requester intends to put the information. As one of my predecessors noted in Ark. Op. Att'y Gen. No.2002-087:
 [T]he motive of an FOIA requester is ordinarily irrelevant to the analysis. See Op. Att'y. Gen. 2002-067 (". . . the balancing test under A.C.A. § 25-19-105(b)(12) does not turn upon the particular requester's motive in seeking the record where a public interest nevertheless exists in the information sought"). See also, Ops. Att'y Gen. 98-186; 96-309; 92-289 and Watkins, The Freedom of Information Act at 76 (m 
m Press, 3rd ed. 1998). The United States Supreme Court in Department of Defense v. FLRA, [510 U.S. 487 (1994)], supra, cited with approval language of an earlier case, Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749 (1989) to this effect: "`whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.' Reporters Comm., 489 U.S., at 771. Because Congress clearly intended the FOIA `to give any member of the public as much right to disclosure as one with a special interest [in a particular document]' [citation omitted] . . . `the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" 510 U.S. 487, 496. The Court also stated that "all FOIA requestors have an equal, and equally qualified, right to information. . . ." Id. at 499. "Thus whether disclosure of a private document . . . is warranted must turn on the nature of the requested document and its relationship to `the basic purpose of the Freedom of Information Act to open agency action to the right of public scrutiny' [citation omitted] rather than on the particular purpose for which the document is being requested." Reporters Comm., 489 U.S. at 772. Justice Ginsburg, in her concurrence in FLRA, noted the reason for this rule: "[t]his main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness." 510 U.S. at 508.
Finally, I should note that a custodian of records is not required to compile information or create a record in response to an FOIA request. In the event the requested information is included in records that contain other information, the custodian should review the records to determine if they are exempt from disclosure under the FOIA or some other applicable law. For instance, the custodian should redact social security numbers and any unlisted telephone numbers that might appear in the records. The custodian should redact listed telephone numbers if the facts reflect that employees have a heightened privacy interest in this information (e.g., if it is likely to be used to harass them disclosure does not further the purposes of the FOIA). See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998) and Ops. Att'y Gen. Nos. 1999-360; 99-049; 99-016. The FOIA further exempts from disclosure the home addresses of nonelected state employees. A.C.A. § 25-19-105(b)(13).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh